IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES GARRISON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPT. WILSON, et al. | : | No. 07-0689 |

## REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                                August    , 2007

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Charles Garrison ("Petitioner"), an individual currently incarcerated in the Fayette State Correctional Institution. For the reasons that follow, I recommend that the petition be denied.

## FACTS AND PROCEDURAL HISTORY:

The relevant facts, set forth by the Pennsylvania Superior Court are as follows:

> On the evening of November 10, 2000, several members of [Petitioner's] family were gathered at the home of his mother, Florence Garrison, at 4929 Chancellor Street in the City and County of Philadelphia, to visit with a relative who was visiting from California. Facetta Garrison . . . arrived at the home around 10:00 p.m., approximately the same time as [Petitioner]. As she rang the bell, [Petitioner] came up behind her and began to verbally harass her. [Petitioner] threatened Facetta that he was going to "put a cap in your ass." Fearing that an altercation would follow, Facetta, upon entering the house, went directly to the kitchen and phoned the police. She then went into the dining room where the family had gathered. [Petitioner's] mother, who was at the door when [Petitioner] threatened Facetta, asked him why he was causing trouble, to which he responded, "I'm tired of you getting in my business bitch." Facy Garrison, [Petitioner's] brother, took exception to the way [Petitioner] spoke to their mother and an argument ensued between [Petitioner], his brother, and his mother. In an effort to get out of the way of the argument, Facetta Garrison had moved to a corner

> next to the kitchen doorway. [Petitioner] approached Facetta and said, "I'm so tired of you bitch." He began swinging at her, hitting her in the arms and hands with his fists. [Petitioner's] mother and brother attempted to restrain him. However, [Petitioner] managed to free himself, and again threatened to kill Facetta. [Petitioner] pulled a kitchen knife from his jacket and began moving towards Facetta. [Petitioner's] mother told Facetta to run to the basement while she and [Petitioner's] brother attempted to prevent him from getting to her. In an effort to protect Facetta, [Petitioner's] brother put himself between [Petitioner] and Facetta. [Petitioner] lunged toward them, with the knife in an upward position in his hand. Petitioner's brother, who apparently had not seen the knife, emerged from the altercation bleeding from a stab wound to the chest.

Commonwealth v. Garrison, 850 A.2d 7 (Pa. Super. 2004) (table); No. 651 EDA 2003, at 1-2 (Pa. Super. Mar. 16, 2004), attached to Resp't Answer as Ex. "A."

On January 29, 2003, a jury sitting before the Honorable Sheila Woods-Skipper, Court of Common Pleas of Philadelphia County, convicted Petitioner of aggravated assault and possession of an instrument of crime. Judge Woods-Skipper sentenced Petitioner to an aggregate term of five (5) to ten (10) years of imprisonment.

Petitioner filed a direct appeal in the Pennsylvania Superior Court challenging the admission at trial of his mother's statement to the police regarding the stabbing. The Pennsylvania Superior Court affirmed the judgment of sentence on March 16, 2004. Commonwealth v. Garrison, 850 A.2d 7 (Pa. Super. 2004). Petitioner did not seek review in the Pennsylvania Supreme Court.

On May 13, 2004, Petitioner filed a pro se petition for post-conviction relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. Ann. § 9541, et. seq. Counsel was appointed and filed an amended PCRA petition, alleging

ineffective assistance of trial counsel for failure to file a post-sentence motion challenging the weight of the evidence, and ineffective assistance of appellate counsel for failure to challenge the sufficiency of the evidence on direct appeal.  On April 7, 2005, the PCRA court dismissed Petitioner's petition.  Petitioner appealed to the Superior Court raising the same two (2) issues and further claiming that the PCRA court erred when it failed to hold an evidentiary hearing.  On July 28, 2006, the Superior Court affirmed the denial of PCRA relief.  Commonwealth v. Garrison, 907 A.2d 1132 (Pa. Super. 2006) (table); No. 1347 EDA 2005 (Pa. Super. July 28, 2006), attached to Resp't Answer as Ex. "B."  Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court which was denied on January 2, 2007.

On January 30, 2007,[1] Petitioner filed the instant petition for a federal writ of habeas corpus advancing the same claims he advanced on collateral appeal.  Respondent has filed an answer asserting that Petitioner is not entitled to federal habeas relief because his claims are without merit.

**DISCUSSION:**

**I.      Standard of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") which became

---

[1] Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Petitioner signed his habeas petition on January 30, 2007; therefore, I will assume that he presented his petition to prison authorities on that date.

effective on April 24, 1996, amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000). The AEDPA increases the deference federal courts must give to the factual findings and legal determinations of the state courts. Id. at 196 (citing Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)). Pursuant to 28 U.S.C. § 2254(d), as amended by the AEDPA, a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Werts, 228 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)).

The Supreme Court expounded upon this language in Williams v. Taylor, 529 U.S. 362 (2000). In Williams, the Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Hameen v. State of Delaware, 212 F.3d 226, 235 (3d Cir. 2000) (citing Williams,

4

529 U.S. at 389-390). The Court in Williams further stated that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. (citing Williams, 529 U.S. at 388-389). "In further delineating the 'unreasonable application of' component, the Supreme Court stressed that an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." Werts, 228 F.3d at 196 (citing Williams, 529 U.S. at 389); accord Matteo v. Superintendent, SCI Albion, 171 F.3d 877 (3d Cir. 1999).

II. **Petitioner's Claims**

    A. **PCRA Court Erred By Failing to Hold an Evidentiary Hearing**

Petitioner first claims that the PCRA court erred by failing to hold an evidentiary hearing. The issue of whether a PCRA petitioner is entitled to an evidentiary hearing is a question of state law and a federal habeas court cannot "reexamine state court determinations on state law questions." Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). Further, even if

Petitioner *had* been entitled to a PCRA Court evidentiary hearing, a question which I need not address, he would not be entitled to habeas corpus relief because errors in the state post conviction process are not cognizable on federal habeas review. See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation"). As such, I recommend that Petitioner's first claim be denied.

> B.   **Ineffective Assistance of Trial Counsel for Failure to Preserve a Challenge to the Weight of the Evidence**

In his next claim, Petitioner contends that trial counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence, which would have preserved the claim for appellate review.[2] See Pet'r Handwritten Pet. at 5. Claims of ineffective assistance of counsel are governed by Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the United States Supreme Court set forth the standard for a petitioner seeking habeas relief on the grounds of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance
> was deficient. This requires showing that counsel made errors
> so serious that counsel was not functioning as the "counsel"

---

[2] I note that Petitioner's underlying argument, in this claim, is that the weight of the evidence did not support the jury's verdict, as opposed to the argument that the evidence was insufficient to sustain his conviction. See Tibbs v. Florida, 457 U.S. 31, 42-45 (1982) (distinguishing a weight of the evidence argument from a sufficiency of the evidence argument). A federal habeas court has no power to grant habeas corpus relief because it finds that a state conviction is against the "weight" of the evidence. See Ming v. Tennis, 2007 WL 1030329, at *2 n.1 (E.D. Pa. Feb. 13, 2007); Smith v. Vaughn, 1997 WL 338851, at *8 (E.D. Pa. June 17, 1997). Notwithstanding, such a claim is cognizable where, as here, it is raised within the context of a claim of ineffective assistance of counsel.

> guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

Because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," a court must be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. In determining prejudice, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

"It is past question that the rule set forth in Strickland qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams, 529 U.S. at 391. Thus, Petitioner is entitled to relief if the Pennsylvania courts' decision rejecting his claims of ineffective assistance of counsel was either "contrary to, or involved an unreasonable application of," that established law. Id.

Petitioner argues that his conviction for aggravated assault was against the weight of the evidence, because the stabbing was unintentional, and that trial counsel was ineffective for failing to file a post-sentence motion challenging the weight of the

evidence. In support of this claim, Petitioner alleges that the victim "fell into the knife."[3] See Pet'r Handwritten Pet. at 3, 6. The weight of the evidence is exclusively for the finder of fact who is free to believe all, part or none of the evidence and to determine the credibility of the witnesses. Commonwealth v. Champney, 832 A.2d 403, 408 (Pa. 2003) (citing Commonwealth v. Johnson, 668 A.2d 97, 101 (Pa. 1995)). A lower court's verdict will be reversed only if it is so contrary to the evidence as to shock one's sense of justice. Id. (citing Commonwealth v. Hawkins, 701 A.2d 492, 500 (Pa. 1997)).

Despite Petitioner's assertions, I find that the state court's application of the law was reasonable. Both the trial court and the Superior Court found that the weight of the evidence presented supported the finding that the stabbing was indeed intentional. The evidence presented at trial included not only testimony from eyewitnesses, but the victim, Facy, himself, who testified that he was stabbed when Petitioner moved to attack Facetta. (N.T. 1/29/03, 66-70). Witnesses also testified that after Petitioner stabbed Facy he stated, "Let me finish him off." (N.T. 1/30/03, 18-23, 133). The jury's findings are clearly supported by the evidence. Further, as the state court noted, under the Pennsylvania standard, the jury's verdict was not so contrary to the evidence to shock one's sense of justice. Commonwealth v. Garrison, 907 A.2d 1132 (Pa. Super. 2006); Champney, 832 A.2d at 408.

---

[3]While Petitioner claims that the victim "fell into the knife," the jury did not believe this to be true. Absent clear and convincing evidence to the contrary, factual determinations made by the state court shall be presumed correct on habeas review. See U.S.C.§ 2254(e)(1); Sumner v. Mata, 449 U.S. 539, 547 (1981).

As a result, I conclude that the state court properly found that the weight of the evidence supported Petitioner's conviction for the crime of aggravated assault. As such, trial counsel cannot be found ineffective for failing to raise a meritless claim. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998) (counsel not ineffective for failing to raise a meritless claim). Because the state courts' finding on this issue is not contrary to United States Supreme Court precedent nor an unreasonable determination of the facts, 28 U.S.C. § 2254(d), Petitioner's claim should be denied.

### C. Ineffective Assistance of Appellate Counsel for Failure to Challenge the Sufficiency of the Evidence on Direct Appeal

Petitioner next claims that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal. It has long been established that due process requires that a person can only be convicted of the crime with which he is charged by proof of every element of the criminal offense beyond a reasonable doubt.[4] Jackson v. Virginia, 443 U.S. 307, 316 (1979); In re Winship, 397 U.S. 358, 364 (1970); Davis v. United States, 160 U.S. 469, 488 (1895). In reviewing challenges to the sufficiency of the evidence, a court must determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Cuyler, 723 F.2d 1077, 1083-84 (3d Cir. 1983) (quoting Jackson, 443 U.S. at 319)

---

[4] When reviewing a sufficiency of the evidence claim on habeas corpus review, federal courts look to the evidence the state considers adequate to meet the elements of a crime governed by state law. Jackson v. Byrd, 105 F.3d 145, 149 (3d Cir. 1997).

(emphasis in original).

Under Pennsylvania law, a person is guilty of aggravated assault if he attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon. 18 Pa.C.S. § 2702(a)(4). An attempt in this context is defined as an intentional act that constitutes a substantial or significant step toward perpetrating bodily injury upon another. See Commonwealth v. Galindes, 786 A.2d 1004, 1012 (Pa. Super 2001). The finder of fact is free to conclude that the defendant intended the natural and probable consequences of his actions to result. See Commonwealth v. Rosado, 684 A.2d 605, 608 (Pa. Super. 1996).

As the state court determined, the evidence presented at trial was sufficient to prove the elements of the crime and to support Petitioner's conviction. As previously discussed, the victim and several eyewitnesses testified at trial that Petitioner stabbed Facy in the torso with a kitchen knife, lacerating his liver, when Facy tried to stop Petitioner from attacking his daughter, Facetta. (N.T. 1/29/03, 67-69; 1/30/03, 18-20, 97-99). These acts correspond to the elements of aggravated assault in that Petitioner's actions were intentional, were committed with a deadly weapon, and clearly caused bodily injury to his brother.

As a result, I conclude that the state court properly set forth the elements of the law and applied relevant trial evidence thereto in finding the evidence sufficient to establish that Petitioner was guilty of the crime of aggravated assault. Therefore, counsel cannot

be deemed ineffective for failing to raise this meritless claim on appeal.  See Parrish, supra.  Because the state courts' finding on this issue is not contrary to United States Supreme Court precedent nor an unreasonable determination of the facts,  28 U.S.C. § 2254(d), Petitioner's claim should be denied.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this      day of August, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

```
                                    s/Peter B. Scuderi
                                    PETER B. SCUDERI
                                    UNITED STATES MAGISTRATE JUDGE
```